## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUDOLPH LUSCHER & | ) | |
| GLENDA LUSCHER, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:05-cv-01987 (RCL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS

Under Fed.R.Civ.P. 12(b)(1), (3), and (6), the United States respectfully
requests that the Court dismiss this action.  As grounds for this motion, the United
States asserts that this Court lacks subject-matter jurisdiction over plaintiffs' tax
refund claims, venue in this Court is improper, and the Anti-Injunction Act bars
the injunctive relief plaintiffs seek.

Specifically, plaintiffs failed to allege that they have paid the federal taxes
due and filed a claim for refund.  Both are required before the United States'
sovereign immunity is waived.  26 U.S.C. § 7422; Flora v. United States, 362 U.S.
145, 177 (1960).  Since plaintiffs have not so alleged, this Court lacks subject-
matter jurisdiction.  Moreover, plaintiffs are residents of Washington (Compl. ¶ 1)

<u>1/</u> and requests the refund of a federal tax they allege was illegally or erroneously collected. (Compl. ¶ 33). Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiffs are residents of Oregon, venue in this Court is lacking. In addition, plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl. ¶ 34). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief. Finally, plaintiffs have failed to state a claim. Plaintiffs have not alleged sufficient facts to demonstrate they are entitled to any relief.

//

//

//

//

//

//

//

//

---

      <u>1/</u> In the case caption and the summons, plaintiffs indicate that their current mailing address is Oregon. (Case Caption & Summons.)

A supporting memorandum of law and proposed order are filed with this

motion.2/

Date: January 30, 2006.

                                        Respectfully submitted,

                                        /s/ Jennifer L. Vozne
                                        JENNIFER L. VOZNE
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P. O. Box 227, Ben Franklin Station
                                        Washington, D.C.  20044
                                        Phone/Fax:  (202) 307-6555/514-6866
                                        Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

---

    2/  The United States is simultaneously filing a Notice of Related Cases,
listing 43 cases which, save for the identity of the plaintiffs, are identical, or nearly
identical, to plaintiffs' complaint.

1522298.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUDOLPH LUSCHER & | ) | |
| GLENDA LUSCHER, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:05-cv-01987 (RCL) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF UNITED STATES' MOTION TO DISMISS

The relief plaintiffs request in their complaint is a refund of federal taxes they allege were illegally or erroneously collected (Compl. ¶ 32), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. ¶ 33), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp. ¶ 31).  To the extent plaintiffs seek a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds . . . . "  (Compl. ¶ 32), and an order "enjoining the Internal Revenue Service . . . from engaging in any further collection activity . . . ." (Compl. ¶ 33), this Court cannot grant the requested relief.

### This Court Lacks Subject-Matter Jurisdiction

This Court does not have jurisdiction over plaintiffs' claim for a tax refund.

1522298.1

Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes.  Both are necessary to waive the United States' sovereign immunity.  See United States v. Dalm, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiffs have the burden to show that sovereign immunity has been waived.  See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).   Since plaintiffs have not even alleged that he filed a claim for refund, this Court lacks jurisdiction.  Dalm, 494 U.S. at 601-602.

Likewise, plaintiffs have not alleged that they have fully paid their tax liabilities.  On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due.  (See Compl. ¶ 33.)  This request, in itself, implies that plaintiffs have not fully paid the taxes they seek to recover —

1522298.1

an implication fatal to a suit for refund.  See Flora, 362 U.S. at 177.  In fact,

plaintiffs have outstanding unpaid tax assessments for years 1996 through 1998 in

the amounts of $3,555,694.08 and $1,544,850.04.  (See Vozne Decl. Exs. 1 and

2.)3/

_____Because plaintiffs have not alleged that they filed a claim for refund and

fully paid the federal taxes, the United States' sovereign immunity has not been

waived, and this Court lacks subject-matter jurisdiction over their claim for a

refund.

Venue is Improper

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper

only in the judicial district in which the plaintiff resides.  Inasmuch as plaintiffs

are residents of Oregon (Case Caption) or Washington (Compl. ¶ 1), venue in this

Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for

lack of venue, or "in the interests of justice," to transfer it "to any district or

---

3/  In deciding a Rule 12(b)(1) motion, the Court is not limited to the
allegations in the complaint, but may also consider material outside of the
pleadings in order to determine whether the Court has jurisdiction in the case.  See
Nemariam v. Fed. Dem. Repl. of Ethiopia, __F.Supp.2d ____, 2005WL2979652,
*3 (D.D.C. 2005), citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621,
624-625 n.3 (D.C. Cir. 1997).

1522298.1

division in which it could have been brought."   28 U.S.C. § 1406(a).  The

interests of justice do not require transferring this case, and in fact weigh against

it.  Plaintiffs' complaint alleges no facts to warrant transfer.  As explained above,

plaintiffs' failure to allege that they filed  a proper claim for refund or fully paid

the taxes due deprives any federal court of subject-matter jurisdiction.  See Dalm,

494 U.S. at 601-602; Flora,  362 U.S. at 177.  Further, the complaint alleges

inadequate facts to support a claim for damages under 26 U.S.C. § 7433, and no

court has authority to grant plaintiffs the injunctive relief they seek.  Thus, because

venue is lacking in this Court, and the interests of justice do not favor transfer to

Oregon or Washington, the Court should dismiss this case.  See Fed. R. Civ. P.

12(b)(3).

Plaintiffs' Request for Injunction is Barred by the Anti-injunction Act

Plaintiffs seek an order enjoining the Internal Revenue Service from

engaging in any further collection activities.  (Compl. ¶ 34).  Such injunctive relief

is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act specifies that no

court shall exercise jurisdiction over a suit for the "purpose of restraining the

assessment or collection of any tax," as is the patent purpose of plaintiffs' claim.

See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising

jurisdiction over any action, such as this one, which seeks to enjoin the collection

of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F.Supp. 12, 13, (D.D.C. 1987).

   Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

   Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiffs allege that the Internal Revenue Service acted improperly with respect to their "federal tax beginning with 'tax year' 1996" (Compl. ¶ 1), but does not identify the specific tax years at issue, the

type of tax, amounts or dates of alleged "wrongful" collection4/, specifics as to the

alleged wrongdoing by the Internal Revenue Service, or other facts which identify

wrongdoing and their entitlement to relief.  Primarily they merely express their

dissatisfaction that the Internal Revenue Service is attempting to collect their

unpaid taxes.5/

As for the second prong, plaintiffs have failed to demonstrate the existence

of equitable jurisdiction.  Plaintiffs must show that there is irreparable injury and

inadequacy of legal remedies.  See, Foodservice & Lodging Institute, 809 F.2d at

844-845; Flynn , 766 F.2d at 598.  In certain situations, plaintiffs can temporarily

forestall collection — which is the ultimate relief they request — by requesting a

"collection due process hearing" with the Internal Revenue Service.  See 26

U.S.C. § 6330.  Moreover, they can fully pay the taxes and then file a claim for

refund.  Because the Internal Revenue Code provides administrative procedures by

_____

4/  Indeed, the only argument presented by plaintiffs – Internal Revenue
Service must use Form 23C to record assessment  – has been rejected.  Courts
recognize that the Service is using computerized RACS Reports-006 as an
equivalent to the manually prepared Form 23C.  See Roberts v. Comm'r, 118 T.C.
365, 370-71 (2002) (citing Kruger v. United States, 2001 WL 1179412 (D. Nev.
2001)); see also Kruger v. Internal Revenue Service, 1999 WL 907539 (D. Nev.
1999).

5/  As already discussed, an allegation conceding that taxes have not been
fully paid is fatal to a suit for refund.  See Flora, 362 U.S. at 177.

1522298.1

which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the

second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive

relief because such relief is barred by the Anti-Injunction Act.  Plaintiffs have not

established the extraordinary circumstances that may justify issuing an injunction

under the judicial exception.  Thus, the Court should dismiss this case.

Plaintiffs Have Failed to State a Claim

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and

seeks unspecified damages (Compl. ¶ 31).   Plaintiffs' complaint is legally

insufficient, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  Section 7433

permits a taxpayer to bring a civil action for damages against the government "[i]f,

in connection with the collection of federal tax with respect to a taxpayer, any

officer or employee of the Internal Revenue Service recklessly or intentionally

disregards any provision of the [Internal Revenue Code] or any regulation

promulgated" thereunder.   26 U.S.C. § 7433.  Under Rule  8(a), a complaint need

only contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  Fed.R.Civ.P. 8(a).  But, here, there are no facts in the plaintiffs'

complaint to support a claim for damages, and thus, this Court should conclude

that they have not in fact stated such a claim.  For example, plaintiffs do not state

-7-

what specific tax years are at issue, the type of tax, or the amount in dispute.  In

fact, no facts are alleged which establish that "any officer or employee of the [IRS]

recklessly or intentionally disregard[ed] any provision of the [Code]."  26 U.S.C. §

7433.  Because plaintiffs have failed to state a claim upon which relief can be

granted, this Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claims

for a tax refund because plaintiffs have failed to prove that they filed a claim for

refund and paid the taxes due.  Likewise, the Anti-Injunction Act prohibits an

injunction against the further collection of plaintiffs' taxes.  Further, venue is not

proper in this Court for a tax refund because plaintiffs reside in Oregon or

Washington.  Finally, plaintiffs have failed to state a claim.  For all these reasons,

the Court should dismiss this action.

DATED:    January 30, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U. S. Department of Justice
P. O. Box 227, Ben Franklin Station
Washington, DC 20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

1522298.1

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

1522298.1