# United States District Court
## IN THE DISTRICT OF COLUMBIA

Rudolph Luscher,
Glenda Luscher,
P. O. Box 56480,
360-887-8200

Case No. 1:05-cv-01987 (RCL)

             Plaintiff(s),

v.

United States
             Defendant.

## MOTION FOR SANCTIONS UNDER FED.R.CIV.P. 11(b) AND FOR REFERRAL TO THE BAR DISCLIPINARY COMMITTEEE

### I
### INTRODUCTION

1. Plaintiff hereby alleges that defendant's MOTION TO DISMISS is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. The Court shall take judicial notice that the Motion To Dismiss was filed on the eve of default.

2. All grounds for dismissal assume, based solely upon a poorly worded damages request, that the case at bar is a *refund* suit under section 7422 of the Internal Revenue Code, rather than a damages suit under section 7433, as clearly alleged. To the extent that Counsel's misreading, misunderstanding, mischaracterization and misrepresentation may be due to inarticulate pleading on the part of Plaintiff(s), Plaintiff(s) respectfully sought leave to amend the Complaint. (See: Motion to

RECEIVED

FEB 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Amend, filed concurrently, and Amended Complaint, lodged therewith)

4. All grounds for dismissal are irrelevant to the allegations made; immaterial to a statutorily-authorized damages action, and the supporting documents attached thereto are designed to perpetrate a fraud upon the Court.

II

## MOTION'S "SUBJECT MATTER JURISDICTION" AND "VENUE" GROUNDS MISREPRESENT CASE

5. Counsel knows, or should know, that Internal Revenue Code sections 7422 and 7433 cannot be construed in pari materia. As stated by Justice Ginsburg in WACHOVIA BANK, N. A. v. SCHMIDT (04-1186), decided January 17, 2006, "...under the in pari materia canon, statutes addressing the same subject matter generally should be read " 'as if they were one law,' " Erlenbaugh v. United States, 409 U.S. 239, 243." Internal Revenue Code sections 7422 and 7433 address completely different subject matter.

6. The subject matter of Internal Revenue Code section 7433, and of the Complaint brought thereunder, is damages for unauthorized collection action(s), not refund of taxes assessed; in fact, the only connection to the "7433 Complaint" found within the body of Counsel's Motion to Dismiss is Counsel's acknowledgment that the lack of a 23C Summary Record of Assessment is (notwithstanding Counsel's misreading, misunderstanding, mischaracterization and misrepresentation) one of the *many allegations* raised in the Complaint.

7. Counsel knows, or should know, that two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability in the instant case. Huff v United

States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997) each make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax. The Complaint clearly alleges that Plaintiff(s) has/have made demand upon the Commissioner (copy attached), but to date, these documents have not been issued to Plaintiff(s).

8. Counsel knows, or should know, that the Court has subject matter jurisdiction of the IRC section 7433 damages suit she seeks to dismiss (as a 7422 refund suit). IRC section 7433 is, in express terms, the exclusive remedy for recovery of damages for unauthorized collection activity. In frivolously relying solely upon jurisdictional prerequisites of section 7422 to dismiss a damages action brought under section 7433, Counsel ignores "the controlling significance of context," recognized by Ginsburg, J., in the recent WACHOVIA decision. Whatever the jurisdictional prerequisites of section 7422 may be, none apply in the context of a damages suit brought under section 7433, the statutory provision under which the Complaint was brought.

9. Counsel's "eleventh hour" attempt to avoid subject matter jurisdiction by misrepresenting the instant damages action as a refund claim is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. Sanctions under Fed.R.Civ.P 11(b) should be imposed.

10. Counsel's egregious attempt to misrepresent the instant damages action as a refund

claim to avoid subject matter jurisdiction potentially violates District Ethics Rule 3.1 Meritorious Claims and Contentions. The Rule prohibits attorneys from raising frivolous, bad faith issues:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

11. The Committee comments to E.R. 3.1 explain:

> [1] *The advocate has a duty* to use legal procedure for the fullest benefit of the client's cause, but also a duty *not to abuse legal procedure*. The law, both procedural and substantive, establishes the limits within which an advocate may proceed.
> [2] *** *What is required of lawyers, however, is that they inform themselves about the facts of their clients' cases and the applicable law and determine* that they can make good faith arguments in support of their clients' positions. *** The action is frivolous, however, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

12. Counsel knows, or should know, that Internal Revenue Code section 7433 is, by express terms, "the exclusive remedy for recovering damages" for any disregard of Code provision or regulation promulgated under the Code. Counsel has abused procedure, and brought forth a Motion to Dismiss a complaint that was not filed. The action is frivolous; Counsel is unable to make a good faith argument on the merits of attempting to convert an "exclusive remedy" damages action into a refund claim for purposes of avoiding statutorily-established subject matter jurisdiction. Counsel has no good faith argument for an extension, modification or reversal of existing law.

13. Counsel's "hail mary" Motion violates Ethical Rule 3.3 Candor Toward the Tribunal. The Rule is crystal clear:

> (a) A lawyer shall not *knowingly*:
> (1) *make a false statement of fact or law* to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
> (2) fail to disclose to the tribunal *legal authority* in the controlling jurisdiction *known to the lawyer to be directly adverse to the position of the client* and not disclosed by opposing counsel; or
> (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.
>
> (b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

14. Counsel included, with his/her Motion, a Declaration under penalty of perjury, stating as fact matters which are completely irrelevant to the "exclusive remedy" provision under which the case at bar is brought. Counsel "testified" in that document that an incomplete, uncertified computer transcript was true and correct, and complete, knowing that said incomplete, uncertified computer transcript in no way countered the allegations contained in the Complaint. Counsel knows, or should know, that his/her "testimony" is not evidence, and that the attachment, believed to be an Individual Master File Online Transcript (IMFOLT) - which alleges assessment dates - is an incomplete record with respect to which Plaintiff(s) are entitled to examine the remainder. Counsel's acknowledgment that the lack of a 23C Summary Record of Assessment is one of the *many allegations* raised in the Complaint demonstrates that Counsel's attempt at testifying is intended to avoid the threshold factual issue of existence of a proper assessment. - See: Paragraph 3, above.

15. Counsel's egregious attempt to misrepresenting the instant damages action as a refund claim to avoid subject matter jurisdiction potentially violates District Ethics Rule 1.2: Scope of Representation and Allocation of Authority between Client and Lawyer. The Rules states:

> (d) *A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent,* but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

16. Comment 10 to the Rule states:

> *The lawyer is required to avoid assisting the client, for example, by drafting or delivering documents that the lawyer knows are fraudulent or by suggesting how the wrongdoing might be concealed.*

17. All of the foregoing pertains equally to Counsel's Motion to Dismiss the non-existent "7422 refund suit" for improper venue under Fed.R.Civ.P. 12(b)(3).

III.

## VENUE IS PROPER BECAUSE ACT OF ASSESSMENT OCCURS IN THE DISTRICT OF COLUMBIA

18. Internal Revenue Code section 6203 specifies that "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary."

19. The District of Columbia is the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The Office of the Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C. 20224.

20. Venue, for purposes of seeking judicial determination with respect to the matters presently before the Court, is proper in the District of Columbia.

## IV

## COUNSEL KNOWS "FAILURE TO STATE A CLAIM" GROUND HAS ALREADY BEEN FRUITLESS

21. All of the foregoing pertains equally to Counsel's Motion to Dismiss the non-existent "7422 refund suit" for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

22. Counsel included, with the Motion To Dismiss a non-existent refund action, a Notice of Related Cases, providing a long list of "substantially similar" complaints before the Court. Researching a few of the listed cases, Plaintiff(s) discovered that in a number of such cases, the government has sought dismissal for failure to state a claim, and has been denied dismissal on that basis. Viewed in the context of these allegedly-related cases, the reasons for Counsel's attempt to have the instant case dismissed on irrelevant grounds is transparent. Jurisdiction and venue cease to be in question when the Complaint is competently construed, and the Court has apparently found that the competently construed Complaint states a claim in cases inappropriately "related" by Counsel. To the extent that there are, or may be, "substantially similar" complaints, presumably making "substantially similar" allegations, it appears that Counsel may have admitted a pattern of unlawful activity on the defendant's part. See: Response to Notice of Related Cases, and Motion for Limited Discovery, filed concurrently.

## V

## COUNSEL CANNOT TESTIFY

23. Defendant, by way of declaration and exhibit introduces extrinsic material into this matter To wit, Counsel's declaration alleges that an assessment has been made. Therefore, Counsel admits the existence of a form 23C that is signed by an assessment officer. Plaintiff(s) are entitled to such form as a matter of law. (26 USC 6203).

24. Counsel's ill-conceived attempt to utilize false evidence violates Ethical Rule 3.4 Fairness to Opposing Party and Counsel

> A lawyer shall not:
> (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;
> (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;
> (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;
> *****
> (e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or
> (Omitted)

25. Counsel's Motion to Dismiss a refund suit not filed is intended to conceal the fact that IRS cannot produce a properly executed summary record of assessment (form 4340 and RACS 006 are not form 23C summary records of assessment, nor do such forms comply with the best evidence rule)(see Defendant's Brief in Support of Objection to Admission of Defendant's Computer "Evidence" filed herewith.) This intent is inferred by the fact that Counsel knows, or should know, that his/her client has admitted, in other actions, a pattern of failure to properly execute summary

record(s) of assessment, to wit:

A.  In March v. Internal Revenue Service (10th Cir.) 02-2087, decided 02/25/2003, McKay, Circuit Judge, observed:

> "[T]he IRS concedes the IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n.2. In other words, the IRS gets the benefit of a presumption that they admit is likely false."

26. By seeking dismissal on the basis of his/her misreading, misunderstanding mischaracterization, and misrepresentation, Counsel assists his/her client in concealing evidence. By attaching an incomplete computer record - irrelevant to the allegations, and likely inaccurate and untrustworthy (See: Objection to Admission of Computer Evidence, filed concurrently) - Counsel has falsified evidence, or assisted his/her client in falsification.

27. Counsel's filing constitutes Ethical Rule 8.4 Misconduct:

> It is professional misconduct for a lawyer to:
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice;
> (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
> (f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

28. Counsel was, as are all applicants to the BAR, required to sign an oath, pursuant to Title 28 United States Code, Appendix, Rules of the Supreme Court, PART II. ATTORNEYS AND COUNSELORS

    Rule 5.
    4. Each applicant shall sign the following oath or affirmation:
    I, ................, do solemnly swear (or affirm) that as an attorney and as a counselor of this Court, I will conduct myself uprightly and according to law, and that I will support the Constitution of the United States.

29.    Counsel has breached that oath.

WHEREFORE, Plaintiff(s) request(s) the Court impose sanctions pursuant to Rule 11(b), and refer Counsel to the Disciplinary Committee..

Dated: 2-14-_____, 2006

*Rudolph Luscher*
Rudolph Luscher