IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RUDOLPH LUSCHER & <br> GLENDA LUSCHER, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:05-cv-01987 (RCL) |

**UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' amended complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the amended complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: July 25, 2006.                Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RUDOLPH LUSCHER & <br> GLENDA LUSCHER, <br> <br>     Plaintiffs, <br> <br> v. <br> <br> UNITED STATES, <br> <br>     Defendant. | ) <br> ) <br> ) <br> )    No. 1:05-cv-01987 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiffs allege that, beginning with tax year 1996, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection" of federal taxes.

QUESTION PRESENTED

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Rudolph and Glenda Luscher, filed a complaint on October 6, 2005, seeking a refund of federal taxes, damages for alleged wrongful collection, and injunctive relief. The United States filed a motion to dismiss

the complaint on January 30, 2006. Plaintiffs filed their opposition on February 16, 2006. On February 23, 2006, plaintiffs filed a motion for leave to amend their complaint. In their amended complaint, plaintiffs abandoned their requests for a refund of federal taxes and injunctive relief.

    2. <u>Relief sought in the amended complaint</u>. Plaintiffs allege that in connection with the collection of federal tax beginning "with 'tax year' 1996," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code. (Am. Compl. ¶¶ 1, Counts 1-33.) Plaintiffs seek damages on account of "reprehensible, egregious, and vexatious behavior of the defendant." (Am. Compl. ¶ 26.)<u>1</u>/

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE AMENDED COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

    Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek damages (Am. Compl. ¶ 26.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt*

---

    <u>1</u>/ Plaintiffs also may be seeking declaratory relief. (*See* Am. Compl. ¶ 25.) If so, declaratory relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

*v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

-3-

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).2/

---

2/  The United States is aware that the court in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in *Turner* relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the sovereign's long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit."  Simply put, *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow *Glass*, *McGuirl*, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the *Turner* decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Instead, plaintiffs assert that they "may forego exhausting administrative remedies that are either futile or inadequate[.]" (Am. Compl. ¶ 24.)3/ Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the amended complaint.

## CONCLUSION

Because the Court lacks jurisdiction over their amended complaint, the amended complaint should be dismissed.

DATE: July 25, 2006.                Respectfully submitted,

 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

---

3/  Plaintiffs also state, in conclusory fashion, that "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies." (Am. Compl. ¶ 17.) They then conclude by stating that "[e]ven assuming some minor defect in [their] administrative claim, requiring [them] to again pursue administrative remedies would amount to nothing more than futile exhaustion." (*Id.*)

-5-

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 25th day of July, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>RUDOLPH LUSCHER
>GLENDA LUSCHER
>Plaintiffs *pro se*
>P.O. Box 56480
>Portland, OR 97238

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1825656.1